UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RACHEL LAVONNE BREEDLOVE,<br><br>*Plaintiff*,<br><br>v.<br><br>DOUGLAS COLLINS,<br>Secretary of Veterans Affairs,<br><br>*Defendant*. | Civil Action No. 23-1013 (AHA) |

**Memorandum Opinion**

Plaintiff Rachel Lavonne Breedlove filed this suit against the Secretary of Veterans Affairs, alleging employment discrimination claims under Title VII. The Secretary moves to dismiss or transfer the case based on improper venue. ECF No. 17. For the reasons below, the Court transfers this matter to the United States District Court for the District of South Carolina.[1]

**I.    Background**

Breedlove was employed as a human resources specialist for the Department of Veterans Affairs.[2] Although Breedlove's formal assignment was with the South Central Veterans Affairs Health Care Network in Ridgeland, Mississippi, she lived in and worked remotely from her home in Rock Hill, South Carolina. *See* ECF No. 1 at 1, 3, 6; ECF No. 17-1 ¶¶ 4–5, 8; ECF No. 18 at 3. Breedlove filed this *pro se* suit against the Secretary in his official capacity, alleging discrimination

---

[1] Breedlove's complaint named Secretary Denis R. McDonough as defendant; the current Secretary is substituted. *See* Federal Rule of Civil Procedure 25(d).

[2] Breedlove filled out the preprinted form complaint for employment discrimination claims made available to the public on the United States Courts' website. Attached to Breedlove's complaint is an exhibit of 1,058 pages. *See* ECF No. 1-1. The parties appear to agree on Breedlove's essential allegations, and the Court accordingly relies on them for the purposes of this motion.

on the bases of her race, color, and gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16. ECF No. 1 at 3–4. In addition, Breedlove brought a defamation claim under 28 U.S.C. § 4101. ECF No. 1 at 3. The Secretary moves to dismiss or transfer this case based on improper venue. In the alternative, the Secretary moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6) or for a more definite statement under Rule 12(e).

## II.    Discussion

A case may be transferred to any district where venue is also proper "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (cleaned up). Such transfer does not require that the initial forum be "wrong." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). But "transfer in derogation of properly laid venue" should "be justified by particular circumstances that render the transferor forum inappropriate by reference to the considerations specified in that statute." *Starnes v. McGuire*, 512 F.2d 918, 925–26 (D.C. Cir. 1974).

As one judge of this Court put it: "Deciding a § 1404 motion to transfer is like dancing a Texas two-step: First, could the suit have been brought in the transferee court? And second, should the suit be brought in the transferee court?" *Gyau v. Sessions*, No. 18-cv-407, 2018 WL 4964502, at *1 (D.D.C. Oct. 15, 2018) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616–43 (1964)). Here, the answer to both questions is yes and transfer is appropriate.

First, it is clear that Breedlove's claims *could* have been brought in the District of South Carolina. Breedlove concedes venue would be proper there. *See* ECF No. 18 at 10 (acknowledging that she "could have chosen the United States District Court for South Carolina, which is her

2

residence state and her official duty location"). That concession is well taken. Breedlove states, and the Secretary does not dispute, that she "worked as a 100% virtual employee" from Rock Hill, South Carolina. ECF Nos. 18 at 3, 19 at 3. This is supported by Breedlove's complaint and the administrative record. *See* ECF Nos. 1 at 1; 1-1 at 25 (recognizing that the complainant resides in South Carolina). As Breedlove puts it, South Carolina is "the judicial district in which all of the events or omissions giving rise to the claim occurred." ECF No. 18 at 7. Venue is accordingly proper under the first prong of Title VII's venue provision.[3]

Second, Breedlove's claims *should* have been brought in the District of South Carolina. Here, courts consider the "public and private interests" in the case. *McAfee, LLC v. U.S. Citizenship and Immigration Servs.*, No. 19-cv-2981, 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019) (quoting *Gyau*, 2018 WL 4964502, at *1). "The public interests include the transferee court's familiarity with the governing laws, each court's relative congestion, and the local interest in resolving the controversy." *Id*. (quoting *Gyau*, 2018 WL 4964502, at *1). The first two factors are neutral. This case arises under federal law, so both this Court and the District of South Carolina have familiarity. And, while this Court has fewer total pending cases and a lower median time from

---

[3] The Court need not specifically find venue improper in this District, but the Secretary makes a compelling and largely unrebutted case to that effect. It appears Breedlove's sole basis for filing suit in the D.C. is that the Secretary's headquarters is here. ECF No. 18 at 9. However, Title VII's venue provision provides that claims "may be brought within the judicial district in which the respondent has his principal office" only "if the respondent is not found within" one of the other three places described in the venue provision. 42 U.S.C. § 2000e-5(f)(3). Neither Breedlove's complaint nor briefing assert that the District of Columbia is where "the unlawful employment practice is alleged to have been committed," where relevant employment records "are maintained and administered," or where the plaintiff "would have worked but for the alleged unlawful employment practice." *Id*. This further supports transfer. Indeed, the D.C. Circuit has advised that district courts must "guard against the danger that a plaintiff might manufacture venue in the District of Columbia," including "[b]y naming high government officials as defendants" to "bring a suit here that properly should be pursued elsewhere." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

filing of a civil case to disposition, the District of South Carolina has a lower median time from filing to trial and a lower percentage of civil cases older than three years. *See* U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (September 30, 2024) (Sept. 30, 2024), at 2, 24, https://www.uscourts.gov/sites/default/files/2024-12/fcms_na_distprofile0930.2024.pdf (last visited April 3, 2025). The third consideration favors transfer because all the relevant events took place during Breedlove's employment in South Carolina, and courts have "a local interest in having localized controversies decided at home." *Adams v. Bell*, 711 F.2d 161, 167 (D.C. Cir. 1983) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)).

The private interests also favor transfer. These include "the plaintiff's preferred forum, the defendant's preferred forum, where the claim arose, and the convenience to the parties, to the witnesses, and to the evidence." *McAfee*, 2019 WL 6051559, at *1 (quoting *Gyau*, 2018 WL 4964502, at *1). While Breedlove maintains D.C. is her preferred forum and the Secretary advances Mississippi as his first-choice forum, those preferences are tempered by the parties' joint acknowledgment that South Carolina is an appropriate and sensible venue. As discussed, the claims here arise from Breedlove's work in South Carolina. And, as to convenience to the parties, Breedlove explains that the District of South Carolina is several hours closer to her than both D.C. and Mississippi, and neither party identifies any material witness in this District. While the Secretary initially took the position that nearly all witnesses would be in Mississippi, he has since clarified he "would not oppose" transfer to South Carolina in part because anticipated witnesses currently reside in Houston, Texas and Oklahoma and would "need to travel or appear remotely for proceedings" regardless of the transferee district. ECF No. 19 at 3–4. Thus, while the parties' different preferred fora neutralize the first two factors, their agreement as to one (and only one) venue and the remaining private factors favor transfer to the District of South Carolina.

4

This case could and should have been brought in the District of South Carolina, and it is accordingly transferred there "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).[4]

A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   April 4, 2025

---

[4] The Secretary has moved in the alternative to dismiss the complaint for failure to state a claim under Rule 12(b)(6) or for a more definite statement under Rule 12(e). *See* ECF No. 17 at 3-4. Breedlove, for her part, has filed a motion for leave to file a sur-reply, which appears to essentially be an amended complaint containing new allegations. *See* ECF No. 21. Given the Court's determination that the case should be transferred, these motions are denied as moot without prejudice to being refiled and considered as the transferee court deems appropriate.